IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ELL SHEHEE,

        Plaintiff,              No. 2:09-cv-02881 KJN P

    vs.

STATE OF CALIFORNIA, et al.,

        Defendants.       <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1 make monthly payments of twenty percent of the preceding month's income credited to

2 plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3 the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4 fee is paid in full.  28 U.S.C. § 1915(b)(2).

5       The court is required to screen complaints brought by prisoners seeking relief

6 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9 granted, or that seek monetary relief from a defendant who is immune from such relief.

10 28 U.S.C. § 1915A(b)(1),(2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989); Franklin, 745 F.2d at 1227.

18       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

22 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

23 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

25 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

26 notice of what the . . . claim is and the grounds upon which it rests.'"   Erickson v. Pardus, 551

2

1   U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

2   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

3   as true the allegations of the complaint in question,  id., and construe the pleading in the light

4   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5           The allegations of plaintiff's complaint span more than twelve years and

6   encompass three federal venues.  Plaintiff initially challenges the alleged misconduct of

7   correctional officers at California State Prison-Sacramento ("CSP-S"), and medical personnel

8   associated thereto, commencing in 1998, including an alleged battery of plaintiff resulting in

9   allegedly permanent eye damage and the alleged failure to provide plaintiff with adequate

10  medical care.  Plaintiff next alleges the misconduct of officers with the Los Angeles County

11  Sheriff's Department while plaintiff was incarcerated at the Los Angeles County Jail

12  commencing in 2001, and of associated medical personnel at the Los Angeles County Medical

13  Center.  Plaintiff next alleges the failure of the California Department of Corrections, the

14  California Department of Mental Health, and employees of each agency, to provide plaintiff with

15  adequate medical care since the commencement of his incarceration at Coalinga State Hospital in

16  2008.  The complaint details wide-ranging instances of allegedly unconstitutional conduct,

17  pursuant to the First, Eighth and Fourteenth Amendments to the United States Constitution.

18  Plaintiff asserts that he is now blind as the result of his initial beating and his repeatedly

19  inadequate and injurious medical care, and that he has suffered further physical and

20  psychological injuries due to the failure of Coalinga State Hospital to accommodate plaintiff's

21  disability as required under the Americans With Disabilities Act.  Plaintiff states that he has been

22  assisted in the preparation of his complaint by other patients, despite an additional claim of being

23  denied access to legal materials.

24          Plaintiff seeks damages, including "100 million dollars" in punitive damages,

25  against more than thirty named defendants, as well as "Does #1 through #100."

26          The court finds that the complaint does not contain a short and plain statement as

required by Federal Rules Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to each of the defendants and state the elements of each claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  While plaintiff has attempted to meet this standard with specificity, the complaint is so wide ranging with respect to time, claims, defendants, and venue that it comprises a "shotgun" pleading requiring amendment.  See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001) ("a shotgun complaint leads to a shotgun answer" and "disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery"); Anderson v. Dist. Bd. of Trustees of Centr. Florida Comm. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996) ("[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice"); Smith v. Rainey, 2010 WL 4118096, 16 (M.D. Fla. 2010) ("[w]hatever the merits of the underlying claim(s), [p]laintiff[] risk[s] having them overshadowed by the manner in which these claims are alleged").

Plaintiff's allegations must be refined and set forth in at least three separate pleadings, each filed in the appropriate federal judicial districts, i.e., the Sacramento Division of the United States District Court for the Eastern District of California (plaintiff's claims against CSP-S officials), the Fresno Division of the United States District Court for the Eastern District Court of California (plaintiff's claims associated with Coalinga State Hospital), and the United States District Court for the Central District Court of California (plaintiff's claims against the Los Angeles County defendants).

The court will therefore dismiss the instant complaint with leave to file an amended complaint that is limited, in this court, to plaintiff's allegations relative to CSP-S, commencing with plaintiff's claims against CSP-S officers R. Smitha and Tuter.

////

4

1    Plaintiff alleges that defendants Smitha and Tuter battered plaintiff in

2  "retribution" for plaintiff attempting to mail a federal court complaint naming Smitha as a

3  defendant.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

4  punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

5  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

6  In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove

7  that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials

8  acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v.

9  Seiter, 501 U.S. 294, 298-99 (1991).

10    Plaintiff is further informed that to state a claim for retaliation under the First

11  Amendment, he must allege that on a specified date an individual state actor or actors took

12  adverse action against plaintiff for his engagement in a constitutionally protected activity and that

13  the adverse action did not reasonably advance a legitimate penological goal.  Rhodes v.

14  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th

15  Cir. 1985).  Direct and tangible harm (e.g., physical injury) will support a First Amendment

16  retaliation claim even without demonstration of a chilling effect on the further exercise of a

17  prisoner's First Amendment rights.  Rhodes, at 568 n.11; see also, Brodheim v. Cry, 584 F.3d

18  1262, 1269 (9th Cir. 2009).

19    Plaintiff also alleges that, while incarcerated at CSP-S, he was denied eye surgery

20  recommended by Mercy General Hospital retina specialist Dr. Wells.  Where a prisoner's Eighth

21  Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts

22  or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

23  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements:  "the

24  seriousness of the prisoner's medical need and the nature of the defendant's response to that

25  need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by

26  WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  A medical need is serious

1  "if the failure to treat the prisoner's condition could result in further significant injury or the

2  'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429

3  U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition

4  that significantly affects an individual's daily activities."  Id. at 1059-60.  By establishing the

5  existence of a serious medical need, a prisoner satisfies the objective requirement for proving an

6  Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

7          If a prisoner establishes the existence of a serious medical need, he must then

8  show that prison officials responded to the serious medical need with deliberate indifference.

9  Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials

10  deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in

11  which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94

12  (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard

13  to medical care, however, "the indifference to his medical needs must be substantial.  Mere

14  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

15  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at

16  105-06). See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere

17  negligence in diagnosing or treating a medical condition, without more, does not violate a

18  prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate

19  indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

20  ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting

21  Whitley, 475 U.S. at 319).

22          Plaintiff fails to identify the individuals who allegedly refused to make available

23  to plaintiff the surgery recommended by Dr. Wells.  Plaintiff's review of his medical records may

24  provide this information.  In addition, while plaintiff's current physical and psychological

25  conditions (e.g., that plaintiff may now be legally blind) are relevant to the seriousness of the

26  injuries plaintiff allegedly sustained as a result of the alleged misconduct of defendants Smitha

6

1   and/or Tuter, these allegations need only be summarized at the pleading stage.

2           Plaintiff may also again attempt to state claims against CSP-S administrators or

3   other CDCR administrators, as well as field operations officials, particularly based on plaintiff's

4   contention  that the challenged conduct reflects a pattern or practice of institutional intimidation

5   of inmates for the purpose of deterring them from seeking legal redress.  However, the complaint

6   must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S.

7   362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some

8   affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.;

9   May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th

10  Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations

11  are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12          For these same reasons, it appears that plaintiff is unable to state a potentially

13  cognizable claim against the Governor or Attorney General.  In addition, plaintiff may not seek

14  damages from the California Department of Corrections and Rehabilitation.  "The Eleventh

15  Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal

16  consent by the state."  Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999) (citing Pennhurst v.

17  Halderman, 465 U.S. 89, 100 (1984)).

18          Local Rule 220 requires that an amended complaint be complete in itself without

19  reference to any prior pleading.  See also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

20  plaintiff files an amended complaint, the original pleading no longer serves any function in the

21  case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

22  involvement of each defendant must be sufficiently alleged.

23          In accordance with the above, IT IS HEREBY ORDERED that:

24          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

26  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

1   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

2   Director of the California Department of Corrections and Rehabilitation filed concurrently

3   herewith.

4           3.  Plaintiff's complaint is dismissed.

5           4.  Within thirty days from the date of this order, plaintiff shall complete the

6   attached Notice of Amendment and submit the following documents to the court:

7               a.  The completed Notice of Amendment; and

8               b.  An original and one copy of the Amended Complaint.

9   Plaintiff's amended complaint shall be limited to those claims specific to this judicial venue, and

10  shall comply with the instructions set forth herein, the requirements of the Civil Rights Act, the

11  Federal Rules of Civil Procedure, and the Local Rules.  The amended complaint must bear the

12  docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file

13  an amended complaint in accordance with this order may result in a recommendation that this

14  action be dismissed.

15  DATED:  November 22, 2010

16

17

18                                              _____

19                                              KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE
20  sheh2881.14new.kjn

21

22

23

24

25

26

1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY ELL SHEHEE,

11              Plaintiff,                    No. 2:09-cv-02881 KJN P

12        vs.

13   STATE OF CALIFORNIA, et al.,

14              Defendants.              NOTICE OF AMENDMENT

15   _____/

16              Plaintiff hereby submits to the Sacramento Division of the United States District

17   Court for the Eastern District of California, the following document in compliance with the

18   court's order filed _____:

19              _____        AMENDED COMPLAINT

20

21

22   _____        _____
     Date                                        Plaintiff

23

24

25

26

                                              9