IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ELL SHEHEE,

    Plaintiff,                      No. 2:09-cv-02881 KJN P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.               ORDER

_____/

        On November 23, 2010, this court granted plaintiff's application to proceed in forma pauperis, and ordered, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1), that plaintiff pay the full filing fee as administered by the California Department of Corrections and Rehabilitation ("CDCR"). (See Dkt. Nos. 10, 11.) Plaintiff has now filed a motion to vacate the court's orders and to "correct records," based on plaintiff's status as a civil detainee at Coalinga State Hospital, pursuant to the authority of the California Department of Mental Health, not CDCR. (Dkt. No. 13).

        As plaintiff correctly notes, in Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000), the Ninth Circuit held that a detainee civilly committed to a state hospital is not subject to the financial reporting requirements of the PLRA. A plaintiff's status at the time he files suit determines whether the PLRA applies. Id. at 1139-40; Huftile v. Miccio-Fonseca, 410 F.3d

1

1136, 1139 (9th Cir. 2006) ("In <u>Page</u>, we held that the 'natural reading' of 'prisoner' required that 'the individual in question must be currently detained as a result of accusation, conviction, or sentence for a criminal offense'" (citation omitted)).

Plaintiff avers that his identification number clearly indicates his civil commitment status. Review of plaintiff's declaration filed in support of his complaint (Dkt. No. 2) supports his representation, as does the heading on plaintiff's complaint (Dkt. No. 1). The court therefore reviews plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), and finds that plaintiff's declaration filed in support thereof (Dkt. No. 4) establishes the requisite showing of indigence. Accordingly, plaintiff's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915(a)(1), without requiring any payment of the filing fee.[1]

Nonetheless, for the reasons stated in the court's order filed November 23, 2010 (Dkt. No. 10), plaintiff's complaint must be dismissed, albeit with leave to file an amended complaint. As the court previously found (Dkt. No. 10, at 3):

> The allegations of plaintiff's complaint span more than twelve years and encompass three federal venues. Plaintiff initially challenges the alleged misconduct of correctional officers at California State Prison-Sacramento ("CSP-S"), and medical personnel associated thereto, commencing in 1998, including an alleged battery of plaintiff resulting in allegedly permanent eye damage and the alleged failure to provide plaintiff with adequate medical care. Plaintiff next alleges the misconduct of officers with the Los Angeles County Sheriff's Department while plaintiff was incarcerated at the Los Angeles County Jail commencing in 2001, and of associated medical personnel at the Los Angeles County Medical Center. Plaintiff next alleges the failure of the California Department of Corrections, the California Department of Mental Health, and employees of each agency, to provide plaintiff with adequate medical care since the commencement of his incarceration [sic] at Coalinga State Hospital in 2008. The complaint details wide-ranging instances of allegedly unconstitutional conduct, pursuant to the First, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts that he is now blind as the result of his initial

---

[1] <u>Cf.</u>, 28 U.S.C. § 1915(b) (prisoners granted in forma pauperis status must pay the full filing fee from their prison trust accounts), and 28 U.S.C. § 1915(a)(1) (authorizing in forma pauperis status to nonprisoners without prepayment of any fees).

beating and his repeatedly inadequate and injurious medical care, and that he has suffered further physical and psychological injuries due to the failure of Coalinga State Hospital to accommodate plaintiff's disability as required under the Americans With Disabilities Act.  Plaintiff states that he has been assisted in the preparation of his complaint by other patients, despite an additional claim of being denied access to legal materials. [¶] Plaintiff seeks damages, including "100 million dollars" in punitive damages, against more than thirty named defendants, as well as "Does #1 through #100."

For these several reasons, the court continues to find that plaintiff's complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Moreover, as the court previously concluded (id. at 4):

> Plaintiff's allegations must be refined and set forth in at least three separate pleadings, each filed in the appropriate federal [court], i.e., the Sacramento Division of the United States District Court for the Eastern District of California (plaintiff's claims against CSP-S officials), the Fresno Division of the United States District Court for the Eastern District Court of California (plaintiff's claims associated with Coalinga State Hospital), and the United States District Court for the Central District Court of California (plaintiff's claims against the Los Angeles County defendants).

As the court previously emphasized, an amended complaint filed in this court must be "limited . . . to plaintiff's allegations relative to CSP-S, commencing with plaintiff's claims against CSP-S officers R. Smitha and Tuter." (Id.; see generally Dkt. No. 10 for substantive guidance relative to plaintiff's proffered legal claims.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. This court's order filed November 23, 2010 (Dkt. No. 11), requiring the Director of the California Department of Corrections and Rehabilitation to collect payments from plaintiff's trust account, is VACATED; the Clerk of the Court is directed to serve a copy of this order on the Director, California Department of Corrections and Rehabilitation, 1515 S Street, Sacramento, California 95814.

2. This court's order filed November 23, 2010 (Dkt. No. 10), is amended as provided herein, specifically:

    a. Plaintiff's request for leave to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915(a)(1), without payment of the filing fee.

    b. Plaintiff's complaint is dismissed with leave to file an amended complaint.

    c. If plaintiff intends to proceed in this court on an amended complaint he shall, within thirty days after the filing date of *this* order, complete the attached Notice of Amendment and submit the following documents to the court:

      i. The completed Notice of Amendment; and

      ii. An original and one copy of the Amended Complaint.

      iii. Plaintiff's Amended Complaint shall be limited to those claims specific to this judicial venue, and shall comply with the instructions set forth herein and in this court's order filed November 23, 2010 (Dkt. No. 10), the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules. The Amended Complaint must bear the docket number assigned to this case and be labeled "Amended Complaint."

   3. Failure to file an Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed.

   SO ORDERED.

DATED: January 14, 2011

             _____
             KENDALL J. NEWMAN
             UNITED STATES MAGISTRATE JUDGE

sheh2881.ifp.civ.cmtmt

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY ELL SHEHEE,

      Plaintiff,                    No. 2:09-cv-02881 KJN P

    vs.

STATE OF CALIFORNIA, et al.,

      Defendants.              <u>NOTICE OF AMENDMENT</u>

_____/

       Plaintiff hereby submits to the Sacramento Division of the United States District Court for the Eastern District of California, the following document in compliance with the court's order filed _____:

       _____ AMENDED COMPLAINT

_____                    _____
Date                                                         Plaintiff